# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ABRAN SENA, Individually and On Behalf of Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LION INSPECTON SERVICES, INC. and MILKO SIERRA, <br><br> Defendants. | Case No.: 4:17-cv-1453 <br><br> Collective Action |

# COMPLAINT

## SUMMARY

1. Abran Sena brings this collective and class action lawsuit against his employers, Lion Inspection Services, Inc. and Milko Sierra (collectively, "Defendants") to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA"). Sena worked for Defendants as a Non-destructive Testing ("NDT") Inspector. Although he regularly worked in excess of 40 hours per week, Defendants failed to pay Sena overtime pay. Instead, Defendants paid him a salary plus commission. This collective action seeks to recover the unpaid overtime wages and other damages owed to Sena and similarly situated NDT Inspectors.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is therefore proper under 28 U.S.C. §§ 1391 (b) and (c) because one or more

Defendants reside in this District and Division and because a substantial part of the events giving rise to this claim occurred in this District and Division.

## THE PARTIES

4. Sena was employed by Defendants as an NDT Inspector. His consent to this collective action is attached.

5. Lion Inspection Services ("Lion") is in the business of providing inspection services to the oil and gas industry. Lion employs workers like Sena to clean and inspect oilfield equipment.

6. Milko Sierra is the owner, founder, and manager of Lion Inspection Services. He, along with Lion, employed and/or jointly employed Sena.

7. In addition to his individual claims, Sena brings this action on behalf of himself and all other similarly situated NDT Inspectors. Defendants paid these blue-collar oilfield workers a salary plus commission and did not pay them any overtime premium for hours worked in excess of 40 in a workweek, even though they regularly worked 70 or more hours per week.

## FACTS

8. Plaintiff and similarly situated NDT Inspectors clean and inspect drilling pipe, motors, bottom hole assemblies, and MWD/LWD equipment.

9. Defendants employed Sena as an NDT Inspector.

10. Sierra hired Sena in October 2016.

11. Sierra set Sena's pay, including the amount and the way Sena was paid.

12. Defendants paid Sena $3,500 per month plus about $200 to $300 per month in commissions.

13. Sierra controlled Sena's job duties and assignments.

14. Sierra dismissed Sena from employment on April 27, 2017.

15. Defendants employed and/or jointly employed Sena and the other NDT Inspectors.

16. Sierra owns and manages Lion.

17. In each of the past three years, Lion's gross revenues exceeded $500,000.

18. Defendants' employees routinely handle or work on goods or materials – such as hard hats, tools, steel toe boots, automobiles, computers, and cell phones – that have moved in, or were produced for, interstate commerce.

19. Over the past three years, Defendants employed dozens of NDT Inspectors.

20. Defendants, at all relevant times, paid their NDT Inspectors, including Sena, a salary plus commission. Defendants maintain employment records on them, can terminate their employment, determine their work locations and set their compensation.

21. For the purposes of their right to overtime pay, NDT Inspectors perform similar job functions. To the extent their job duties vary, those differences are not relevant for determining their right to overtime pay.

22. As nonexempt employees, NDT Inspectors were entitled to overtime pay equal to one and one-half times their regular rates of pay for hours worked in excess of forty in a workweek.

23. Defendants, however, did not pay their NDT Inspectors the additional overtime premium required by the FLSA.

24. Sena and the other NDT Inspectors regularly worked 70 or more hours per week.

25. Defendants know their NDT Inspectors work many more than 40 hours in a week.

26. It is well established that blue collar workers – like Defendants' NDT Inspectors – are not exempt from the overtime provisions of the FLSA.

27. Defendants know their NDT Inspectors are not exempt from the FLSA's overtime provisions. Nonetheless, Defendants do not pay their NDT Inspectors overtime for hours worked in excess of forty in a workweek.

28. Sena complained about Lion's failure to pay overtime to Sierra, but Sierra's response was that Lion was his company and he would not be told how to run it.

29. Defendants never corrected their unlawful pay practice.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Defendants' practice of paying a salary plus commission to non-exempt workers who work over forty hours in a workweek violates the FLSA.

31. Sena brings his claim under the FLSA as a collective action on behalf of those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

32. Defendants' practice of paying a salary plus commission with no overtime pay affects all the NDT Inspectors in a similar manner because, as explained above, the NDT Inspectors perform similar, non-exempt job duties related cleaning and inspecting oilfield equipment. Accordingly, Defendants' NDT Inspectors are similarly situated because they are owed overtime for the same reasons as Sena.

33. The collective action class is, therefore, properly defined as:

**All NDT Inspectors employed by Defendants during the last three years.**

34. By failing to pay Sena and their other NDT Inspectors overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

35. Defendants owe Sena and the other NDT Inspectors the difference between the rate actually paid and the proper overtime rate. Because Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA, they owe these wages for at least the past three years.

36. Defendants also owe Sena and the other NDT Inspectors an amount equal to the unpaid overtime wages as liquidated damages.

37. Sena and the other NDT Inspectors are entitled to recover all reasonable attorneys' fees, costs, interest, and expenses incurred in this action.

## PRAYER

Wherefore, Plaintiffs pray for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. Judgment awarding Sena and the other NDT Inspectors all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiffs and the other NDT Inspectors may show themselves to be justly entitled.

Dated this 10th day of May, 2017.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

    **/s/ David I. Moulton**
By: _____
    David I. Moulton
    Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:   (713) 877-8788
Telecopier:   (713) 877-8065
dmoulton@brucknerburch.com
Attorney-in-Charge for Plaintiff